a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RAPHAEL D PERSON JR #97060-020, Petitioner | CIVIL DOCKET NO. 1:21-CV-00557 SEC P |
| VERSUS | JUDGE DRELL |
| PRE-FIRST STEP ACT OF 2018 FEDERAL CRIMINAL STATUTE, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by *pro se* Petitioner Raphael D. Person Jr. ("Person"). Person is prisoner in the custody of the Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. He asks that the "Pre-First Step Act recidivist section" of 18 U.S.C. § 924(c) be declared unconstitutional and that his sentence be reduced accordingly. ECF No. 1 at 7.

Because the Court lacks jurisdiction, Person's Petition (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE.

I. **Background**

Person was convicted of three violations of the Hobbs Act, 18 U.S.C. § 1951(a), and two counts of using or carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). *See United States v. Person*, 714 F. App'x 547 (6th Cir. 2017).

1

He was sentenced to 506 months of imprisonment, and the sentence was affirmed. *United States v. Person*, 769 F. App'x 222, 226 (6th Cir. 2019).

Person filed a motion to vacate his sentence under 28 U.S.C. § 2255, which remains pending in the court of conviction. *See* 2:13-CR-00217, S.D. Ohio, ECF No. 273.

II.  **Law and Analysis**

A federal prisoner may challenge his sentence under either § 2241 or § 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Section 2241 is generally used to attack the manner in which a sentence is executed. *Id.* A petition filed under § 2241 that attacks errors that occurred at trial or sentencing should generally be dismissed or construed as a § 2255 motion. *See id.* at 877–78.

Person is not challenging the manner in which his sentence is being executed. Rather, he claims that his sentence is unlawful due to the "misapplication of § 924(c)" at sentencing. ECF No. 1 at 6. Therefore, Person may only proceed under § 2241 if he can satisfy the mandates of the "savings clause" of § 2255(e). *See Wilson v. Roy*, 643 F.3d 433, 434 (5th Cir. 2011) (citing *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000)); *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)). The savings clause allows a

prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

The United States Court of Appeals for the Fifth Circuit has identified the limited circumstances under which the savings clause of § 2255(e) applies. To qualify for the savings clause, a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. *See Reyes–Requena*, 243 F.3d at 904. When a petitioner cannot satisfy the savings clause, the proper disposition is dismissal of the § 2241 petition for want of jurisdiction. *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. 2003); *Nel v. Cole*, 2020 WL 6535787, at *6 (W.D. Tex. 2020).

Person cannot show that § 2255 is inadequate to challenge his sentence because his § 2255 motion has not been denied. *See Senegal v. Warden*, 2017 WL 3881815 (W.D. La. 2017); *McIntosh v. Martin*, 2011 WL 6327247 (E.D. Tex. 2011) ("Because petitioner's Section 2255 motion is still pending, he clearly has another remedy to attack his underlying criminal conviction and test the legality of his detention."). Moreover, Person does not allege or demonstrate that he meets the requirements of the savings clause. *See* 28 U.S.C. § 2255(e). Thus, the Court lacks jurisdiction over Person's challenge to his sentence and the requested declaratory

judgment. *See Cantu v. Cowan*, 2019 WL 5790623 (S.D. Tex. 2019) ("Lacking jurisdiction under 28 U.S.C. § 2241, this Court has no independent ground for jurisdiction to issue the requested declaratory judgment against Respondent.") (citing *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980).

### III. Conclusion

Because the Court lacks jurisdiction, IT IS RECOMMENDED that Person's § 2241 Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, August 19, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE